IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KHOA MINH NGO, )
)
    Petitioner, )
)
v. ) Case No. 14-CV-579-JED-JFJ
)
JIMMY MARTIN, Warden[1] )
)
    Respondent. )

## OPINION AND ORDER

Before the court is the 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) filed by Petitioner, a state prisoner appearing pro se.[2] Respondent filed a response to the petition (Doc. 8), and provided relevant state court records (Docs. 8, 9). Petitioner filed a reply (Doc. 12). For the reasons discussed below, the Court denies the habeas petition.

### BACKGROUND

In 2011, the State of Oklahoma charged Petitioner in the District Court of Tulsa County, Case No. CF-2011-2388, with eight counts of child sexual abuse (Counts 1-8), in violation of OKLA. STAT. tit. 21, § 843.5(E); and two counts of unlawful distribution of a controlled substance (Counts 9-10), in violation of OKLA. STAT. tit. 63, § 2-401. Doc. 8-4 at 1.[3] In June

---

[1] Because Petitioner is currently housed at North Fork Correctional Center (NFCC) in Sayre, Oklahoma, the proper party respondent in this matter is Jimmy Martin, NFCC's warden. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. Therefore, Jimmy Martin is substituted in place of Michael K. Addison, as party respondent. The Clerk of Court shall note the substitution on the record.

[2] The Court must liberally construe pro se pleadings without "assum[ing] the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] For consistency, the Court's record citations refer to the court-stamped page numbers in

2012, Petitioner, represented by counsel and aided by a certified interpreter, entered blind pleas of no contest to all ten counts.[4] *See* Doc. 8-1; Doc. 9-1 at 2-10. Following a thorough plea colloquy, the trial court found a factual basis for the pleas, determined that Petitioner "freely and voluntarily" entered the pleas, accepted the no contest pleas, ordered a presentence investigation, and set the matter for sentencing. Doc. 9-1 at 2-11. One month later, the trial court imposed eight, concurrent life sentences for Counts 1-8, and two, concurrent 10-year prison sentences for Counts 9-10. The court ordered the controlling 10-year sentence imposed for Counts 9 and 10 to be served consecutively to the controlling life sentence imposed for Counts 1-8. Doc. 8-4 at 1.

On August 3, 2012, Petitioner, still represented by plea counsel, moved to withdraw his pleas. Doc. 8-2. He alleged that (1) his pleas were not knowingly and intelligently made, (2) he expected all of his sentences to run concurrently, (3) his sentence was excessive, and (4) the motion was timely filed within 10 days of sentencing. *Id.* at 1. The trial court held an evidentiary hearing on the motion on September 4, 2012, and Petitioner was represented by new counsel at the hearing. Doc. 9-4 at 1. The court received testimony from three witnesses: Petitioner, plea counsel, and the certified interpreter from the plea hearing. *Id.* at 2. After hearing testimony and oral arguments, the court denied Petitioner's motion to withdraw his pleas. *Id.* at 50-54.

---

the upper right hand corner of each document.

[4] A "blind" plea "is a plea in which there is no binding agreement on sentencing, and punishment is left to the judge's discretion." *Medlock v. State*, 887 P.2d 1333, 1337 n.2 (Okla. Crim. App. 1994). Under Oklahoma law, a no contest plea has the same legal effect as a guilty plea. OKLA. STAT. tit. 22, § 513.

Petitioner appealed the denial of his motion by filing a petition for writ of certiorari with the Oklahoma Court of Criminal Appeals (OCCA). *See* Doc. 8-4 at 1. Represented by appellate counsel, Petitioner raised four propositions of error in his appeal brief:

Proposition I: Because the drugs distributed in Counts 9 and 10 were used to facilitate the abuse alleged in Counts 1 through 8, the distribution was part of the acts of child abuse alleged in Counts 1 through 8; therefore the convictions in Counts 9 and 10 violated the prohibitions against double jeopardy and double punishment.

Proposition II: The trial court erred in deciding to run the concurrent sentences in Counts Nine and Ten consecutively with the sentences in Counts 1 through 8.

Proposition III: Petitioner's pleas of no contest were not entered voluntarily, but were coerced due to his attorney being unprepared for trial.

Proposition IV: Because [Petitioner] did not understand the punishment he was facing or that he did not have an absolute right to withdraw his pleas, his decision to waive his right to trial and enter pleas of no contest was not made in an intelligent or voluntary manner.

Doc. 8-3 at 2.

On August 16, 2013, the OCCA issued a summary opinion denying the petition and affirming the trial court's denial of Petitioner's motion to withdraw his pleas. Doc. 8-4.

Petitioner then filed an application for post-conviction relief in state district court. The court denied relief on November 15, 2013. Petitioner filed a post-conviction appeal, but the OCCA declined jurisdiction because the post-conviction appeal was untimely. *See* Doc. 1 at 3; Doc. 8 at 2.

Petitioner filed the instant federal habeas petition on September 29, 2014. Doc. 1 at 1. He alleges that he is entitled to federal habeas relief on the same four grounds that he raised in his

certiorari appeal:

Ground One: Counts 9 and 10 violate prohibitions against double jeopardy and double punishments. USCA Const. Amends. 5, 14[.]

Ground Two: [The] imposition of consecutive sentences between Counts 9, 10 and Counts 1-8 was error. USCA Const. Amends. 6, 14, 5.

Ground Three: Plea[s] of no contest were not entered voluntarily but were coerced due to attorney being unprepared for trial. USCA Const. Amends. 6, 14.

Ground Four: Petitioner did not understand the punishment he was facing or that he did not have an absolute right to withdraw pleas, decision to waive trial, enter pleas not voluntary, knowing and intelligent.

*See* Doc. 1 at 4, 6, 7, 9.

In response to the petition, Respondent asserts (1) that Petitioner waived his Ground One double-jeopardy claim by entering knowing and voluntary no contest pleas, (2) in the alternative, that the Ground One claim is procedurally barred, (3) that Petitioner fails to state a cognizable federal habeas claim in Ground Two, and (4) that Petitioner has not made the requisite showings under 28 U.S.C. § 2254(d) to obtain habeas relief on his Ground Three and Ground Four claims that his pleas were not knowing and voluntary. *See* Doc. 8, 5-22.

## *ANALYSIS*

Because Petitioner is a state prisoner, the Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of his habeas claims. 28 U.S.C. § 2254. Under the AEDPA, a federal court may grant habeas relief to a state prisoner "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* at § 2254(a). Preliminarily, Respondent concedes, and the Court finds, that Petitioner

4

exhausted all four of his asserted grounds for habeas relief by presenting them to the OCCA in his certiorari appeal, *see* 28 U.S.C. § 2254(b)(1)(A), and that Petitioner timely filed his habeas petition, *see id.* § 2244(d)(1). *See* Doc. 8 at 2.

A.     **Due-process claim (Grounds Three and Four)**

In Grounds Three and Four of his habeas petition, Petitioner asserts that his convictions were obtained in violation of his constitutional right to due process because his pleas were not knowing and voluntary. Doc. 1 at 7-9.

A federal court reviewing a guilty plea taken in state court may set aside a guilty plea only if it fails to satisfy due process. To satisfy due process, a guilty plea must be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *see also Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (noting that a plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970))).

Petitioner specifically alleges that his pleas were not knowing and voluntary for two reasons. First, he alleges that his plea counsel was not prepared for trial and coerced him into entering the pleas. Doc. 1 at 7. Second, he alleges that he did not understand the range of punishment he was facing or that he had no absolute right to withdraw his pleas. Doc. 1 at 9.

"[C]oercion by the accused's counsel can render a plea involuntary." *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988). And "[a] plea is not voluntary unless the defendant knows the direct consequences of his decision, including the maximum penalty to which he will be exposed." *Worthen v. Meachum*, 842 F.2d 1179, 1182 (10th Cir. 1988),

*overruled on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rests on factual findings and inferences from those findings." *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002).

The OCCA adjudicated the merits of Petitioner's claims regarding the validity of his pleas and found no factual support for Petitioner's claims. In doing so, the OCCA identified *Boykin* as the federal law governing Petitioner's claims and stated that its primary concern in evaluating the validity of a plea is to determine whether the plea was entered voluntarily and intelligently. Doc. 8-4 at 3. Applying *Boykin*, the OCCA stated, "the record shows that Petitioner was not confused about the proceedings or the consequences of his plea, he had sufficient time to talk with counsel and utilized the services of an interpreter prior to entering the plea, he gave no indication at the plea hearing that he thought he was being coerced and he never asked for a continuance so counsel could prepare further for trial." *Id.* at 3-4. The OCCA further stated that "the record clearly shows that Petitioner was fully informed and that he understood the ranges of punishment he faced, how the sentences could be served and his rights to appeal." *Id.* at 4. Thus, the OCCA concluded, the "record gives a clear indication that . . . Petitioner knowingly and voluntarily decided to enter a plea instead of going to trial." *Id.* The OCCA further concluded that because Petitioner "failed to rebut the presumptions that his plea was knowing and voluntary and that the plea proceedings were correct," the trial court did not abuse its discretion in denying his motion to withdraw the pleas. *Id.*

The AEDPA limits the ability of a federal court to grant habeas relief for constitutional claims that were "adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d).

With respect to such claims, a federal court can grant habeas relief only if the prisoner demonstrates that the state court's decision either (1) "was contrary to . . . clearly established Federal law as determined by Supreme Court of the United States," *id.* § 2254(d)(1); (2) "involved an unreasonable application of" such law, *id.*; or (3) "was based on an unreasonable determination of the facts" in light of the record presented to the state court," *id.* § 2254(d)(2). Additionally, a state court's factual findings are presumed correct unless the petitioner rebuts the presumption "by clear and convincing evidence." *Id.* § 2254(e)(1).

Because the OCCA correctly identified *Boykin* as the federal law governing review of Petitioner's challenge to the validity of his pleas, Petitioner has not demonstrated that the OCCA's decision was "contrary to" clearly established Supreme Court law. *See Williams v. Taylor*, 529 U.S. 362, 406 (2000) (noting that "a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

And because the record amply supports the OCCA's determination that his pleas were knowing and voluntary, Petitioner has not demonstrated that the OCCA unreasonably applied *Boykin* or that the OCCA based its decision on an unreasonable determination of the facts. To demonstrate that a state court unreasonably applied federal law, a petitioner "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Similarly, to demonstrate that the state court based its ruling on an unreasonable determination of the facts, a petitioner must do more than show that

7

"reasonable minds reviewing the record might disagree about the finding in question." *Smith v. Duckworth*, 824 F.3d 1233, 1241 (10th Cir. 2016) (quoting *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015)); *see also Wood v. Allen*, 558 U.S. 290, 301 (2010) (noting that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance").[5]

Significantly, reliance upon a form reflecting questions and answers can be sufficient to establish that the entry of a plea is knowing and voluntary. *Hoffman v. Young*, 23 Fed. App'x. 885, 887 (10th Cir. 2001) (unpublished).[6] Here, the record before the state court shows that Petitioner signed, under oath, a "Plea of No Contest—Summary of Facts" reflecting that his pleas were both counseled and voluntary. *See* Doc. 8-1. In this document, Petitioner swore (1) that he understood the nature and consequences of the plea proceeding, *id.* at 1; (2) that he understood the range of punishment for each charge of child sexual abuse was zero to life and for each charge of unlawful distribution of a controlled substance was two years to life, *id.* at 2, 8; (3) that he discussed the charges with his plea counsel and that he was satisfied with plea counsel's advice, *id.* at 3; (4) that he had not "been forced, abused, mistreated, or promised

---

[5] In *Brumfield*, the Supreme Court noted that it has "not yet 'defined the precise relationship between § 2254(d)(2) and § 2254(e)(1)." 135 S. Ct. at 2282. However, as further discussed in this opinion, even without applying § 2254(e)(1)'s presumption of correctness to the OCCA's findings, the Court finds that the OCCA's decision is not based on an unreasonable determination of the facts under § 2254(d)(2) because the record amply supports the OCCA's findings.

[6] The Court cites *Hoffman* for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

anything by anyone" in exchange for entering his pleas, *id.*; and (5) that he was "plead[ing] guilty of [his] own free will and without any coercion or compulsion of any kind," *id.*

Likewise, though not conclusive on the question of whether a defendant's plea satisfies due process requirements, a defendant's in-court statements made during a plea hearing with respect to the voluntariness of the plea are accorded a strong presumption of reliability. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Here, in open court and under oath during the plea hearing, Petitioner advised the trial court (1) that he understood the range of punishments for each of the charges, Doc. 9-1 at 5; (2) that no one had "forced," "threatened," "abused," or "mistreated," him or "promised" him anything to waive his trial rights and enter no contest pleas, *id.* at 6-7; and (3) that he was entering his pleas "of [his] own free will and without any coercion or compulsion of any kind," *id.* at 7. Based on Petitioner's statements at the plea hearing, the state district court determined that Petitioner understood the nature and consequences of the plea proceedings, and that he entered his pleas "freely and voluntarily." *Id.* at 9-10.

Testimony from Petitioner and plea counsel during the hearing on his motion to withdraw his pleas further buttresses the state courts' determinations that Petitioner's pleas were constitutionally valid. For example, Petitioner testified that he discussed his potential no contest pleas with plea counsel, that plea counsel did not make any promises about what would happen with his case, and that plea counsel suggested that a blind plea would be Petitioner's "best choice." Doc. 9-4 at 13-15. Petitioner further testified that plea counsel explained to him that if he went to trial, (1) the jury would hear his taped confession wherein he admitted committing the crimes charged, and testimony from the victims (Petitioner's two stepdaughters) and the victims'

9

mother (Petitioner's wife), and (2) that the jury would likely recommend back-to-back life sentences. *Id.* at 19-21. Similarly, Plea counsel testified that he advised Petitioner of the full range of punishment on each count, and that he explained the effect of concurrent and consecutive sentences but did not promise Petitioner any specific result because it "was up to the Judge in each case" whether to impose concurrent sentences. *Id.* at 37-38. Plea counsel specifically testified that he advised Petitioner he could get "a minimum of nothing to a maximum of life, and anything in between." *Id.* at 42. Plea counsel further testified that he did not "in any way, force [Petitioner] or coerce him or trick him, in any manner, into giving up his jury trial." *Id.* at 41. Finally, plea counsel testified that Petitioner chose to enter the blind plea and, had he not made that choice, counsel was prepared to proceed with a jury trial. *Id.* at 41.

In sum, the record fully supports the OCCA's rejection of Petitioner's due-process claim. Thus, applying the AEDPA's deferential standards, the Court concludes that the OCCA's decision is not "so lacking in justification" that fairminded jurists could reasonably disagree" with the decision nor is it based on an unreasonable determination of the facts in light of the state-court record. For these reasons, the Court denies habeas relief on Grounds Three and Four.

**B.     Double-jeopardy claim (Ground One)**

In Ground One of his habeas petition, Petitioner alleges that because he gave a controlled substance to each of his two minor victims to facilitate his sexual abuse of those victims, his convictions and sentences for unlawful distribution of controlled substances (Counts 9 and 10)

10

violate the Fifth Amendment's prohibition against multiple punishments for the same offense.[7] Doc. 1 at 4; *see also* Doc. 8-3 at 5, 8.

The Double Jeopardy Clause provides three protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple criminal punishments for the same offense imposed in a single proceeding. *Jones v. Thomas,* 491 U.S. 376, 380-81 (1989). Petitioner's argument invokes the third protection. This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," because the legislature is vested with "the substantive power to prescribe crimes and determine punishments." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). In deciding whether a defendant has been punished more than once for the same offense, the court "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment." *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

Before making that inquiry, the Court will briefly address Respondent's contentions that Petitioner's double-jeopardy (1) is foreclosed by his decision to enter guilty pleas or (2) is

---

[7] In his certiorari appeal, Petitioner also argued that his convictions violated Oklahoma's statutory and constitutional prohibitions against multiple punishments. *See* Doc. 8-3 at 10 (citing Okla. Const. art. II, §§ 7, 21 and OKLA. STAT. tit. 21, § 11). To the extent Petitioner's Ground One double-jeopardy claim could be interpreted as reasserting these state-law based arguments, his claim would not be cognizable in this federal habeas proceeding and shall be denied on that basis. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (reiterating that "federal habeas corpus relief does not lie for errors of state law" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

procedurally barred. *See* Doc. 8 at 5-11.

First, Respondent is correct "that a voluntarily and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *United States v. Broce*, 488 U.S. 563, 574 (1989) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). But this general rule admits of some exceptions. *See id.* at 569. As relevant here, the rule applies to double-jeopardy violations with a limited exception for a violation that "is apparent on the face of the indictment and/or the record existing at the time the plea was entered." *Thomas v. Kerby*, 44 F.3d 884, 888 (10th Cir. 1995). Though not clear, Petitioner seems to assert in his reply that this exception might apply here. *See* Doc. 12 at 3-4.

And, Respondent is correct that Petitioner's claim is procedurally barred. Under the doctrine of procedural default, "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). Here, the OCCA summarily denied Petitioner's double-jeopardy claim because Petitioner failed to raise it in his motion to withdraw his pleas or in his petition for a writ of certiorari as required by state procedural rules. Doc. 8-4 at 2-3. *See* Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, tit. 22, Ch. 18, App. (2013) ("No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw

12

the plea . . . ."); *Walker v. State*, 953 P.2d 354, 355 (Okla. Crim. App. 1998) (noting that under Rule 4.2 an appellant waives an issue by failing to raise it in his motion to withdraw a guilty plea). And Petitioner does not argue, either in his petition or his reply, that the OCCA's summary denial of his double-jeopardy claim was not based on an adequate and independent state procedural rule. *See* Doc. 1 at 4.

However, a federal court may review a procedurally defaulted claim if "the prisoner can [1] demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [2] demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Petitioner does not suggest, either in his petition or in his reply, that he can prove his factual innocence. *See* Docs. 1, 12. Thus, the miscarriage-of-justice exception does not apply. *See Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (noting that the miscarriage-of-justice exception is "implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999))).

In his reply however, Petitioner appears to assert he had "cause" for the procedural default. Specifically, he asserts that his appellate counsel was ineffective for failing to assert on appeal that his plea counsel was ineffective for failing to preserve the double-jeopardy claim by amending or supplementing his motion to withdraw his pleas. Doc. 12 at 4. A claim that appellate counsel provided ineffective assistance may, in some circumstances, serve as "cause" to overcome a procedural bar. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). But the ineffective-assistance-of-counsel claim itself must be presented to the state courts as an

13

independent claim before it may be used to establish cause for a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding "that an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself by procedurally defaulted"). Moreover, to establish cause and prejudice sufficient to overcome a procedural default a petitioner must show, not merely assert, that counsel was constitutionally ineffective; thus, the Court must consider the merits of the asserted ineffective-assistance-of-counsel claim. *See, e.g.*, *Hickman v. Spears,* 160 F.3d 1269, 1272 (10th Cir.1998) (noting that only "[a]ttorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default" and stating that the court "must determine whether petitioner has shown cause concurrently with the merits of his ineffective assistance of counsel claim"). Here, Petitioner asserts in his reply that he raised an ineffective-assistance-of-appellate-counsel claim in his application for post-conviction relief. *See* Doc. 12 at 2. But he fails to provide either his application or the state court's decision to demonstrate that the claim he raised is the same claim that he now asserts in an effort to establish "cause" to review the procedurally barred double-jeopardy claim. Thus, it is unclear whether Petitioner has also procedurally defaulted his ineffective-assistance-of-counsel claim.

In any event, the Court finds it unnecessary to further consider whether Petitioner's double-jeopardy claim is either foreclosed by virtue of his pleas or procedurally barred and not excused by cause and prejudice because it is clear that Petitioner is not entitled to habeas relief on his double-jeopardy claim. *See, e.g.*, *Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be

disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits."). As noted, Petitioner claims he has been punished more than once for the same offense because the conduct underlying his convictions on Counts 9 and 10 consisted of his distribution of a controlled substance to his victims to facilitate his sexual abuse of those victims. But the relevant double-jeopardy question is not whether Petitioner committed one offense to facilitate another; rather, the relevant question is whether unlawful distribution for a controlled substance and child sexual abuse are the same offense. The Court concludes they are not.

Under Oklahoma law, child sexual abuse, as defined in OKLA. STAT. tit. 21, § 843.5(E) and unlawful distribution of a controlled substance, as defined in OKLA. STAT. tit. 63, § 2-401, contain no identical elements. To prove the charge of child sexual abuse in this case, the State had to establish that Petitioner (1) willfully or maliciously engaged in, (2) the rape of, incest of, making of lewd/indecent acts or proposals with or to, or other sexual abuse of or with, (3) a child under the age of eighteen. *See* OKLA. STAT. tit. 21, § 843.5(E); Oklahoma Uniform Jury Instructions (OUJI) CR 4-39. In comparison, to prove the charge of unlawful distribution of a controlled substance, the State had to establish that Petitioner (1) knowingly or intentionally (2) distributed (3) a controlled substance. *See* OKLA. STAT. tit. 63, § 2-401; OUJI-CR 6-2. Thus, regardless of whether Petitioner's double-jeopardy claim is foreclosed as a result of his pleas or procedurally barred and not excused by cause and prejudice, it is ultimately without merit. For this reason, the Court denies habeas relief on Ground One.

disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits."). As noted, Petitioner claims he has been punished more than once for the same offense because the conduct underlying his convictions on Counts 9 and 10 consisted of his distribution of a controlled substance to his victims to facilitate his sexual abuse of those victims. But the relevant double-jeopardy question is not whether Petitioner committed one offense to facilitate another; rather, the relevant question is whether unlawful distribution for a controlled substance and child sexual abuse are the same offense. The Court concludes they are not.

Under Oklahoma law, child sexual abuse, as defined in OKLA. STAT. tit. 21, § 843.5(E) and unlawful distribution of a controlled substance, as defined in OKLA. STAT. tit. 63, § 2-401, contain no identical elements. To prove the charge of child sexual abuse in this case, the State had to establish that Petitioner (1) willfully or maliciously engaged in, (2) the rape of, incest of, making of lewd/indecent acts or proposals with or to, or other sexual abuse of or with, (3) a child under the age of eighteen. *See* OKLA. STAT. tit. 21, § 843.5(E); Oklahoma Uniform Jury Instructions (OUJI) CR 4-39. In comparison, to prove the charge of unlawful distribution of a controlled substance, the State had to establish that Petitioner (1) knowingly or intentionally (2) distributed (3) a controlled substance. *See* OKLA. STAT. tit. 63, § 2-401; OUJI-CR 6-2. Thus, regardless of whether Petitioner's double-jeopardy claim is foreclosed as a result of his pleas or procedurally barred and not excused by cause and prejudice, it is ultimately without merit. For this reason, the Court denies habeas relief on Ground One.

## C. Imposition of consecutive sentences (Ground 2)

Finally, Petitioner alleges in Ground 2 of his habeas petition that the trial court abused its discretion and violated his rights under the Fifth, Sixth, and Fourteenth Amendments by ordering his controlling 10-year sentence for Counts 9 and 10 to be served consecutively to the controlling life sentence the court imposed for Counts 1 through 8. Doc. 1 at 6.

Even liberally construed, Petitioner's Ground 2 claim fails to state a cognizable federal habeas claim.[8] As Respondent argues, federal courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown [that] the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000); *see also Hawkins v. Hargett*, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999) (noting that Eighth Amendment analysis of sentencing challenge "focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes" and that under Oklahoma law a trial court has discretion to run sentences concurrently or consecutively).

Petitioner does not assert, let alone demonstrate, that his sentences for each specific crime were imposed outside of statutory limits or were unauthorized by law. *See* Doc. 1 at 6. Rather, he asserts that the trial court's decision to impose consecutive sentences "was error" that violated his right to due process. *Id.* Under Oklahoma law, "[i]f the defendant has been convicted of two

---

[8] The OCCA briefly addressed this claim as one grounded in state-law, concluding that "[d]iscontent with the outcome of sentencing is not a satisfactory basis for allowing a plea to be withdrawn." Doc. 8-4 at 3 (citing *Lozoya v. State*, 932 P.2d 22, 34 (Okla. Crim. App. 1996)).

16

or more offenses," the sentencing judge may order consecutive sentences but "the sentencing judge shall, at all times, have the discretion to enter a sentence concurrent with any other sentence." OKLA. STAT. tit. 22, § 976; *see also Hawkins*, 200 F.3d at 1285 n.5. Even assuming the trial court abused its discretion by imposing consecutive sentences, that error would not constitute a cognizable federal habeas claim. Accordingly, the Court denies habeas relief on Ground Two.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, the Court denies his petition for writ of habeas corpus.

**Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing when a district court rejects an applicant's constitutional claims on the merits, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And, when a district court dismisses a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the applicant must demonstrate both "[1] that jurists of reason would find it debatable whether the

17

petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Court concludes that reasonable jurists would not debate the correctness of the Court's rulings (1) that Petitioner failed to make the requisite showings under § 2254(d) to obtain habeas relief on his claim that his pleas were not knowing and voluntary, (2) that Petitioner was not entitled to habeas relief on the merits of his double-jeopardy claim, and (3) that Petitioner failed to state a cognizable federal habeas claim with respect to the trial court's discretionary decision to impose consecutive sentences. Thus, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of the Court shall note the substitution of Jimmy Martin, Warden in place of Michael K. Addison, Warden, as party respondent.
2. The petition for a writ of habeas corpus (Doc. 1) is **denied**.
3. A certificate of appealability is **denied**.
4. A separate Judgment shall be entered in this case.

ORDERED this 9th day of November, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE